## WILLIAM W. MERRICK & another *vs.* APPLETON BRAGG.

A levy of execution on real estate of a judgment debtor who has applied for the benefit of the insolvent laws, (Gen. Sts. c. 118,) made six years after the first publication of notice of the issuing of the warrant, and the assignment in insolvency, is not valid against the title of the assignee, although he has not recorded the assignment in the county where the land lies, and the judgment creditor has no actual knowledge of it.

WRIT OF ENTRY by the assignees in insolvency of Joseph D. Wilcomb to recover land in Milford. The case was submitted to the judgment of the superior court, and, on appeal, of this court, upon facts agreed substantially as follows:

On April 12, 1861, Wilcomb owned one undivided fourth of the land and Moses Pond three undivided fourths, and on that day Wilcomb, who resided in Middlesex, petitioned in that county for the benefit of the insolvent laws, Gen. Sts. c. 118. The first publication was made on April 15, 1861. On May 2, 1861, the demandants were appointed his assignees, and the judge of insolvency executed an assignment to them of all the

estate of which Wilcomb was possessed or which he was interested in or entitled to on April 15, 1861. This deed was recorded in Middlesex May 4, 1861, but in Worcester not till April 3, 1868.

In March 1867 the tenant recovered a judgment in the superior court against Wilcomb, execution was issued thereon, and on May 20, 1867, the said one undivided fourth of the premises was seized on the execution as the property of Wilcomb and set off to the tenant. The tenant had no actual knowledge of the assignment to the demandants.

On February 8, 1868, the demandants entered upon the land and there delivered to Zylphia T. Pond a deed of their interest in the premises; this deed was recorded April 3, 1868. On May 12, 1868, Zylphia T. Pond entered upon the land and there delivered to William O. Bartlett a deed of her interest therein. Bartlett had also acquired all the right and interest of Moses Pond in the land.

*H. B. Staples*, (*F. P. Goulding* with him,) for the demandants.
*T. G. Kent*, for the tenant.

CHAPMAN, C. J. The title to the real estate of the insolvent debtor was vested in the assignees as against subsequent attaching creditors, notwithstanding the neglect of the assignees to record the assignment in the county where the land lay. *Hall v. Whiston*, 5 Allen, 126. The title was to an undivided fourth part of the land described, the other three undivided fourth parts having come to William O. Bartlett. Their deed to Pond and the deed of Pond to Bartlett were delivered upon the land, and thus their title passed to Bartlett, although the tenant Bragg had previously levied his execution against the insolvent upon the land, and claimed to hold it adversely to the assignees. The assignees have therefore no title left in themselves upon which they can maintain this action.

*Judgment for the tenant, for costs.*